IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ALTON SHARAN SAPP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 123-083 |
| | ) | |
| THE PREMISES AND REAL PROPERTY WITH BUILDINGS, APPURTENANCES, AND IMPROVEMENTS AT CLARKS PLACE, ROAD CALLED "LANDFILL BUFFER/FUTURE EXPANSION", TAX PARCEL NO.: 082040A, CONSISTING OF APPROXIMATELY 106.94 ACRES LOCATED IN WAYNESBORO, GEORGIA, 30830, and THE PREMISES AND REAL PROPERTY WITH BUILDINGS, APPURTENANCES, AND IMPROVEMENTS AT CLARKS PLACE, ROAD CALLED "LAND/", TAX PARCEL NO.: 082040, CONSISTING OF APPROXIMATELY 132.96 ACRES, LOCATED IN WAYNESBORO, GEORGIA, 30830, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in the above-captioned case. Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. See Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*).

**I.      SCREENING THE COMPLAINT**

   **A.      BACKGROUND**

Plaintiff names the above-captioned properties in Waynesboro, Georgia, 30830, as Defendants. (See doc. no. 1, pp. 1-2.) Citing 48 U.S.C. § 1983, 28 U.S.C. § 55, 28 U.S.C. § 1355, Fed. R. Civ. P. 70(b), and other non-sensical legal jargon, Plaintiff claims the Defendant properties are "being demanded, to pay off a judgment owed by the County of Burke to the Plaintiff Alton Sharan Sapp." (Id. at 2-3; see also id. at 10 (alleging Defendant properties subject to forfeiture to satisfy judgment owed to Plaintiff).) Plaintiff has filed multiple other lawsuits in the Southern District of Georgia against divisions of Burke County, and he claims default judgments were entered against Burke County in two of those cases, CV 122-078 and CV 122-087, "creating judgment liens against the defendant."[1] (Id. at 7.) Plaintiff requests the Defendant properties be forfeited to him to satisfy non-existent judgments from these previously dismissed federal cases. (Id. at 2-3, 10.) Plaintiff attests under penalty of perjury that the information in his complaint is true and correct. (Id. at 11.)

   **B.      DISCUSSION**

      **1.      Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant

---

[1]The seven cases filed to date in the Southern District of Georgia are: CV 122-078, CV 122-087, CV 123-019, CV 123-027, CV 123-028, CV 123-082, and CV 123-083. As explained in note 2, *infra*, Plaintiff has flooded another District Court with meritless complaints, which led to the imposition of a pre-filing review system. Should Plaintiff persist with his pattern and practice of filing meritless cases in this District, he may also face a pre-filing review system in this Court.

2

who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. The complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Bilal v. Geo Care,

3

LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2.   Plaintiff's Frivolous and Malicious Complaint Should Be Dismissed

This Court is familiar with Plaintiff.  As explained above, he has previously filed six cases in this District against Burke County and its divisions, among others.  With respect to the two cases to which he stakes his claim to property to satisfy judgments allegedly entered in his favor, CV 122-078 and CV 122-087, both were dismissed without prejudice because Plaintiff refused to comply with Court orders and follow the rules applicable to all litigants in federal court.  See Sapp v. Dist. Att'y's Off. for Augusta Jud. Cir., CV 122-078, 2022 WL 5013352, at *2 (S.D. Ga. Sept. 8, 2022), *adopted by* 2022 WL 5013204 (S.D. Ga. Oct. 4, 2022); Sapp v. Burke Cnty. Sheriff Dep't, CV 122-087, 2022 WL 5013383, at *2 (S.D. Ga. Sept. 8, 2022), *adopted by* 2022 WL 5013210 (S.D. Ga. Oct. 4, 2022).  No default judgments were ever issued, and Plaintiff was never granted writs of execution.  In fact, Chief United States District Judge J. Randal Hall expressly and repeatedly denied Plaintiff's motions for default judgment and writs of execution in both cases.  CV 122-078, doc. nos. 9, 14, 24; CV 122-087, doc. nos. 10, 21.[2]  These facts were set forth in detail in two cases dismissed approximately one month prior to commencement of this case.  Sapp v. The Personal Prop. Known as the Cnty. of Burke, CV 123-027, 2023 WL 3294854, at *2 (S.D. Ga. May 5, 2023), *adopted by*

---

[2]Plaintiff's tactics are not unique to the Southern District.  In September and October 2022 alone, Plaintiff filed more than twenty complaints in the Western District of North Carolina, submitting "wholly meritless" motions for default judgment in each.  See, e.g., Sapp v. Mecklenburg Cnty. Sheriff Dep't, No. 3:22-cv-00568-KDB-DSC, doc. no. 7, p. 3 (W.D.N.C. Nov. 10, 2022).  Consequently, the court in the Western District of North Carolina imposed a pre-filing review system to screen out any future, meritless complaints by Plaintiff.  Id.  All cases have since been dismissed.

2023 WL 3628271 (S.D. Ga. May 24, 2023); Sapp v. Premises and Real Prop. . . . at 200 E. 6th St., CV 123-028, 2023 WL 3294853, at *2 (S.D. Ga. May 5, 2023), *adopted by* 2023 WL 3628261 (S.D. Ga. May 24, 2023).

Putting aside Plaintiff's baseless claim that he can take possession via forfeiture of real property owned by a county in a § 1983 suit against that county, Plaintiff cannot now sue under Fed. R. Civ. P. 70 to enforce non-existent judgments.  See Barmat, Inc. v. United States, 159 F.R.D. 578, 582 (N.D. Ga. 1994) ("This rule is operative only after entry of judgment."). Plaintiff's factual and legal claims "lack[] an arguable basis either in law or in fact."  Neitzke, 490 U.S. at 325, 327.  When a claim is based on an indisputably meritless legal theory or relies on factual allegations that are clearly baseless, which includes allegations that are fanciful, fantastic, and delusional, that claim is properly identified as frivolous.  Gary v. United States Gov't, 540 F. App'x 916, 917 (11th Cir. 2013) (*per curiam*) (citing Denton v. Hernandez, 504 U.S. 25, 32-33 (1992)). The fanciful allegations in Plaintiff's complaint rise to the level of irrational and wholly incredible, id., and the frivolous complaint fails to state a claim for relief that is plausible on its face.  See Iqbal, 556 U.S. at 678;  Denton, 504 U.S. at 32-33.  It should be dismissed.

Even if the case were not subject to dismissal based on the frivolous allegations in Plaintiff's complaint, the case is also subject to dismissal because of the dishonest information Plaintiff provided.  Plaintiff attested under penalty of perjury that the information provided in the complaint was true and correct.  (Doc. no. 1, p. 11.)  As described above, the statement that default judgments were entered in CV 122-078 and CV 122-087 is demonstrably false.  The Eleventh Circuit Court of Appeals has approved of dismissing an IFP complaint as malicious

5

when a plaintiff provides false information to the Court.  See Daniels v. Culpepper, No. 22-12805-A, 2023 WL 4195782, at *1 (11th Cir. Apr. 12, 2023), *petition for cert filed*, No. 22-7861 (U.S. June 26, 2023); Schmidt v. Navarro, 576 F. App'x 897, 900 (11th Cir. 2014) (*per curiam*) (explaining 28 U.S.C. "§ 1915(e)(2)(B)(i) applies to *all* complaints filed *in forma pauperis*").  Thus, the complaint is also subject to dismissal as malicious.

**II.    CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 6th day of July, 2023, at Augusta, Georgia.

*[signature]*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA